# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1426V

| | |
|---|---|
| KATIE M. GESCH,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 26, 2025 |

*Joseph Michael Russell*, Von Briesen & Roper, S.C., Milwaukee, WI, for Petitioner.

*Camille Jordan Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On June 3, 2021, Katie M. Gesch filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration \ following an influenza vaccine she received on October 15, 2018. Petition at 1. On April 19, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $53.256.59 (representing $52,721.00 in fees plus $535.59 in costs). Motion for

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorneys' Fees and Costs ("Motion") filed July 8, 2024, ECF No. 43. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 43-1 at 3.

Respondent reacted to the motion on July 25, 2024, representing that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 44. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

1. **Hourly Rates**

Petitioner requests the following rates for attorney Joseph M. Russell: $390.00 per hour for time billed in 2020; $410 per hour for time billed in 2021; $430 per hour for time billed in 2022; $460 per hour for time billed in 2023; and $490 per hour for time billed in 2024. These rates require slight adjustments, however, because they exceed what has previously been awarded to Mr. Russell for his time billed from 2020-22. Mr. Russell was awarded the *lesser* rates of $350.00 per hour for time billed in 2020; $375 per hour for time billed in 2021; and $400 per hour for time billed in 2022. *See Sheppard v. Sec'y of Health & Human Servs.,* 18-1354V, 2021 WL 3916910 (Fed. Cl. Spec. Mstr. Jul. 30, 2021); *Youngmark v. Sec'y of Health & Hum. Servs.,* No. 17-1431V (Fed. Cl. Spec. Mstr. Apr. 21, 2023).

I find no reason to deviate from the previously awarded rates. And I will adjust requested rates for subsequent years to reflect a reasonable increase based on prior determinations - $425.00 per hour for time billed in 2023, and $450.00 per hour for time billed in 2024. Application of these rates results in an overall reduction of **$4,476.00** in fees to be awarded.[3]

2. **Paralegal Tasks and Excessive Billing**

In some instances, Mr. Russell has charged attorney rates for tasks considered to be more paralegal in nature. But although Program attorneys may be compensated for paralegal-level work, they may only charge a rate comparable to what would be paid for a paralegal.[4] *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009);

---

[3] These amounts are calculated as follows: ($390 - $350 = $40 x 36.7hrs = $1468) + ($410 - $375 = $35 x 31.80 = $1,113) + ($430 - $400 = $30 x 14.90 hrs = $447) + ($460 - $425 = 35 x 39.20 = $1,372) + ($490 - $450 = $40 x 1.9hrs = $76) = $4,476.00.

[4] These tasks are for multiple entries regarding requesting medical records, scanning, uploading and filing documents. A total of 15 hours of time billed on the following dates: 04/01/2022; 06/05/2022; 10/17/2022; 12/07/2022; 12/08/2022; and 12/19/2022. ECF No. 38 – 1 at 1.

*Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 Fed. Cl. Spec. Mstr. Dec. 23, 2008).

In addition, special masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

Here, the tasks that would be considered paralegal have been invoiced along with attorney tasks, making it highly difficult to separate the two classifications of work. In addition, the invoices reveal that Mr. Russell billed excessively for review of medical records and preparing the Petition. For example, Mr. Russell billed over 55 hours to review 311 total pages of medical records and draft a 10-page petition and 8-page affidavit for Petitioner.

I also observe herein a general tendency toward overbilling. Fees requested in comparable Vaccine Program cases for the same work performed were considerably smaller in total. *See Allen v. Sec'y of Health & Human Servs., No.* 18-0693V, 2020 WL 1670708, (Fed. Cl. Spec. Mstr. March 4, 2020) (billing a total of 119 hours from July 2017 – February 2020); *Kirkpatrick v. Sec'y of Health & Human Servs.,* No. 18-1271V, 2020 WL 1866855 (Fed. Cl. Spec. Mstr. March 10, 2020) (billing a total of 133 hours from January 2017 – January 2020) and *Barrera v. Sec'y of Health & Human Servs.,* No. 18-1304V, 2020 WL 1486803, (Fed. Cl. Spec. Mstr. February 12, 2020) (billing a total of 59.6 hours from January 2017 – February 2020). The excessive time devoted to this matter likely reflects counsel's inexperience in the Vaccine Program but is not properly compensated in full.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Given all of the foregoing, it is reasonable to perform a single, overall cut instead of a time-consuming, line-by-line edit. I therefore reduce the request for attorney fees by a total of 25 percent. This results in a further reduction of **$12,061.25.**[5]

---

[5] This amount consists of 25 percent of the overall total after application of hourly rate reductions. ($48,245.00 x .25 = $12,061.25).

## ATTORNEY COSTS

Petitioner requests a total of $535.59 in attorney costs. Although Petitioner did not provide the supporting documentation for any claimed costs, I find the total amount of them to be reasonable, as the largest costs consists of the Court's filing fee ($402.00). ECF No. 43-3 at 6. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $36,719.34 (representing $36,183.75 in fees plus $535.59 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.